IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION

IN RE:

JUDITH JEANETTE HAGOOD,

    DEBTOR.

JUDITH JEANETTE HAGOOD,

    PLAINTIFF,

vs.

CHECK MAGIC, INC.,

    DEFENDANT.

BK 05-71306-CMS-7

AP 06-70010-CMS

## MEMORANDUM OF DECISION

    This matter came before the court on debtor Judith Jeanette Hagood's complaint alleging creditor Check Magic, Inc. deposited a prepetition check in violation of Hagood's discharge order under 11 U.S.C. § 524(a). The court has examined the evidence in the context of applicable law and finds that a default judgment must be entered **AGAINST DEFENDANT** Check Magic, Inc. and **IN FAVOR OF PLAINTIFF** Judith Jeanette Hagood; including an award of **$1,338.00 IN DAMAGES** against the defendant for the discharge violation.

## FINDING OF FACTS

    Judith Jeanette Hagood (Hagood) alleged in her amended complaint (AP Doc. 23) that defendant Check Magic, Inc. (Check Magic) negotiated a check she had given the firm before her Chapter 7 bankruptcy filing, after the debt it represented was discharged in bankruptcy.

    Check Magic filed no answer, appearance, or other response to Hagood's claims during the course of this litigation which was initiated February 13, 2006. On October 2, 2006, Hagood filed an amended motion for default (AP Doc. 29); and the Bankruptcy Clerk's Office entered a default on the motion October 26, 2006. (AP Doc. 30)

1

At trial on January 9, 2007, Hagood gave testimony on the facts underlying her complaint. Check Magic again failed to appear and has made no showing of evidence.

Hagood had filed her voluntary Chapter 7 petition- (BK 05-71306-CMS-7) on April 29, 2005. The debtor did not schedule Check Magic in her petition. She did schedule Cash Magic as an unsecured creditor with an address of 2255 Highway 78 West, Dora, Alabama, 35062, and listed a prepetition debt of $352.50 to Cash Magic. This is the same address at which Hagood served Check Magic in this adversary proceeding and the same amount of the check which is the basis of this adversary proceeding. The notice to Cash Magic in the bankruptcy case was returned. (BK Doc. 8)

While Check Magic was not a creditor scheduled in her bankruptcy petition, the debtor testified that she called Check Magic after her petition was filed and told them that she had filed a bankruptcy case. Hagood said that she also stopped payment on the check at the bank.

The Chapter 7 case proceeded in due course. Hagood's order of discharge (BK Doc. 19) was entered on August 15, 2005. No objections were filed by Check Magic or any other party to the discharge before the discharge was granted.

Nevertheless, in December of 2005, Check Magic deposited the prepetition check and Hagood's bank paid it $352.50 from her account. The payment overdrew the account, and three checks Hagood herself had written post-discharge were returned for insufficient funds. Hagood testified at trial that she was charged a $30.00 fee for each of these three checks. Additionally, her cell phone was disconnected because of the insufficiency, and she was charged $30.00 to have it turned back on.

Hagood also said she paid a $220.00 bankruptcy court fee to reopen her bankruptcy file (BK 05-71306) in the course of filing AP 05-70010. She also required additional attorney services to prosecute the complaint. The court received evidence that a reasonable amount of attorneys' fees for the time involved would be $645.50.

The costs Hagood enumerated as stemming from Check Magic's alleged violation of the discharge injunction totaled $1,338.00. As stated, Check Magic did not appear and offered no

2

evidence to refute Hagood's testimony.

## CONCLUSIONS OF LAW

This court has jurisdiction of Hagood's Chapter 7 case pursuant to 28 U.S.C. § 1334(a). The court has jurisdiction of this lawsuit, a core bankruptcy proceeding pursuant to 28 U.S.C. § 157(b), under 28 U.S.C. § 1334(b). Jurisdiction is referred to this Bankruptcy Court by the General Order of Reference of the United States District Courts for the Northern District of Alabama, signed July 16, 1984, As Amended July 17, 1984.

Hagood brought this action pursuant to 11 U.S.C. § 524 which dictates the effects of a discharge in bankruptcy for the debtor and for the creditors scheduled in the debtor's bankruptcy. Section 524(a)(2) provides the following:

> **Effect of discharge**
>
> (a) A discharge in a case under this title -
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...

This code section thus enjoins any action by creditors to collect on prepetition indebtedness covered by a debtor's discharge.

While Section 524 creates an enforceable discharge injunction, the code section does not specifically set out private remedies for violation. The Eleventh Circuit Court of Appeals has not specifically ruled on whether such a private right of action might exist. However, the Eleventh Circuit has held that a bankruptcy court has the power to award damages as sanctions for willful violations of the Section 524 injunction through its statutory contempt powers under 11 U.S.C. Section 105(a).[1] See Hardy v. Internal Revenue Service, (In re Hardy), 97 F.3d 1384, 1390 (11th Cir.

---

[1] **11 U.S.C. § 105(a)** provides the following:

**Power of court**

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

3

1996).

The Eleventh Circuit in Hardy found that a creditor "may be liable for contempt under § 105 if it willfully violated the permanent injunction of § 524." Hardy, 97 F.3d at 1390. The Hardy court applied its two-pronged contempt test as set out by its earlier Jove Engineering, Inc v. Internal Revenue Service (In re Jove) 92 F.3d 1539 (11th Cir. 1996) (involving contempt sanctions for violation of the Section 362 stay):

> Under this test the court will find the defendant in contempt if it: "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." Jove, 92 F.3d at 1555. This test is likewise applicable for determining willfulness for violations of the discharge injunction of § 524.

Hardy, 97 F.3d at 1390.

11 U.S.C. Section 523(a)(3) provides that a debtor does not receive a discharge of any debt:

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
>   (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of the subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>   (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...

It was Hagood's testimony that she called Check Magic after her petition was filed and therefore the creditor had actual knowledge of the case to file a claim or to contest the dischargeability of the debt. Hagood's indebtedness to Check Magic was therefore discharged on August 15, 2005. Nonetheless, Check Magic deposited her prepetition check in December of 2005, collecting on the discharged debt.

In this case, the record further shows that Check Magic was served with Hagood's complaint, but has filed no answer disputing its liability for violation of the discharge injunction. As a result, the Bankruptcy Clerk's Office entered Check Magic's default under Fed. R. Civ. P. 55(a) on October 26, 2006. Subsequently, the court scheduled a hearing for January 9, 2007 pursuant to Fed. R. Civ. P. 55(b)(2) for Hagood to present evidence of her damages, and a notice of the hearing was also provided to Check Magic. The creditor failed to appear at that hearing.

Hagood testified that she had called the creditor personally after she filed her bankruptcy

petition and advised them of her case. She also said that the creditor deposited her check after she had received her discharge despite such notice. There is nothing in the record to dispute the facts offered by the debtor.

Consequently, the court must find that Check Magic, after actual notice of the bankruptcy and the process it initiated, intentionally deposited the prepetition check covered by Hagood's discharge order. In doing so, the court finds that Check Magic willfully violated the discharge injunction created by Section 524, entitling the debtor to damages as sanctions pursuant to Section 105(a).

Based upon Hagood's unchallenged testimony, the court finds that she is entitled to a recovery of compensatory damages in the amount of $692.50 for the expenses incurred as a result of the check being deposited, plus $645.50 for her attorney fees in prosecuting this action, for a total award of $1,338.00 against Check Magic.

## CONCLUSION

The court will enter a judgment by default **AGAINST THE DEFENDANT**, and **IN FAVOR OF THE PLAINTIFF**, on the complaint's allegation that Check Magic, Inc. willfully violated the discharge injunction. Further, as sanctions pursuant to Section 105(a), the court will award the plaintiff a total **$1,338.00 IN DAMAGES** against the defendant for the violation.

**DONE and ORDERED** this March 9, 2007.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge